# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

TIWANNA COPELAND, as Surviving Spouse
and Administratrix of the Estate of Joseph
Copeland,

  Plaintiff,

     v.

LIGHTWEIGHT DELIVER E., LLC and JOHN
ROSS,

  Defendants.

Civil Action No.
1:17-cv-05180-SDG

## ORDER

  This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Lightweight Deliver E., LLC ("Lightweight") and John Ross on August 8, 2018 [ECF 58]. Plaintiff Tiwanna Copeland filed a response to the motion on September 21, 2018 [ECF 59]. Defendants replied on October 4, 2018 [ECF 61]. For the reasons set forth below, Defendants' motion for summary judgment is granted.

## I. BACKGROUND

### A. Facts

  The following facts are not in dispute. On November 10, 2015, while attempting to change a flat tire on the shoulder of Interstate-75 in Lowndes

County, Georgia, Joseph Copeland was struck by a white 2015 Dodge Ram truck operated by Ross.[1] Copeland died shortly thereafter from the injuries caused by the collision.[2]

At the time of the collision, Ross was employed as a truck operator by DBS Floors, LLC ("DBS"), an Alabama limited liability company specializing in transportation.[3] Dennis Bradley Stephens was the principal and only member of DBS.[4] DBS and Lightweight had entered into a Transportation Brokerage Contract, whereas Lightweight agreed to act as a broker and DBS agreed to serve as an independently contracted carrier for transporting materials on behalf of Lightweight's customers.[5] Lightweight is an Alabama limited liability transportation company, whose managing member was William Terry Sanders.[6]

### B. Procedural History

Plaintiff Tiwanna Copeland, as the surviving spouse and administratix for the estate of Joseph Copeland, filed suit against Lightweight, Ross, and Canal

---

[1]   ECF 1, at ¶¶ 12, 23, 31; ECF 59-1, at ¶¶ 7, 26–27; ECF 58-10, at 1–4.

[2]   ECF 1, at ¶¶ 12, 23, 31.

[3]   ECF 58-1, at ¶¶ 12–14; ECF 58-4, at 1; ECF 58-8, at 1.

[4]   ECF 58-4, at 1; ECF 58-8, at 1.

[5]   ECF 58-1, at ¶ 16; ECF 59-1, ¶¶ 20–21; ECF 58-6.

[6]   ECF 58-1, at ¶¶ 12–14; ECF 59-1, ¶¶ 20–21; ECF 58-6.

Insurance Company ("Canal") in the State Court of Gwinnett County, Georgia on November 13, 2017.[7] Plaintiff asserted five causes of action seeking damages related to the death of Copeland in the November 10, 2015 collision.[8] In Counts I and II, Plaintiff asserted claims for negligence and negligence per se against Ross regarding his driving of the Dodge Ram at the time he struck and killed Copeland.[9] In Count III, Plaintiff asserted a claim for vicarious liability against Lightweight, claiming Ross was "employed or contracted as a professional truck driver" by Lightweight and that Lightweight "controlled the time, manner, and method in which [ ] Ross executed and performed his job duties."[10] In Count IV, Plaintiff asserted a claim for direct liability against Canal, arguing that Canal was financially responsible for Copeland's death as Lightweight's insurance carrier at the time of the collision.[11] Finally, in Count V, Plaintiff articulated her sought-after

---

[7]   ECF 1, at ¶ 1.

[8]   ECF 1, at Ex. A.

[9]   ECF 1, at Ex. A ¶¶ 29–40.

[10]  ECF 1, at Ex. A ¶¶ 41–44.

[11]  ECF 1, at Ex. A ¶¶ 45–47.

damages against Lightweight, Ross, and Canal for Copeland's death.[12] The case was removed to this Court on December 15, 2017 based on diversity jurisdiction.[13]

On February 12, 2016, Plaintiff, DBS, Ross, and non-party National Fire & Marine Insurance Company (DBS's insurance carrier) entered into a Limited Liability Release related to Copeland's death.[14] This released DBS, Ross, and National Fire & Marine from any further claims, liability, or damages in consideration for the full amount of DBS's policy limits "except to the extent other insurance coverage is available."[15]

On August 31, 2018, Ross and Lightweight filed the instant Motion for Summary Judgment as to Count III, the only remaining count asserted in the Complaint.[16]

---

[12]   ECF 1, at Ex. A ¶¶ 48–54.

[13]   ECF 1, at ¶ 7.

[14]   ECF 58-9, at 1-3.

[15]   ECF 58-9, at 1.

[16]   ECF 58. Counts I and II against Ross were settled and disposed of by the Limited Liability Release [ECF 58-9, at 1-3]. On November 8, 2018, the Court granted Canal's Motion for Summary Judgment, dismissing Count IV [ECF 64]. Count V does not assert a separate cause of action, merely setting forth the damages sought by Plaintiff on Plaintiff's other claims [ECF 1 (Ex. A), at ¶¶ 48, 54].

## II.   LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party seeking summary judgment has the burden of informing the district court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant meets its burden, the party opposing summary judgment must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Id.* at 324.

In determining whether a genuine issue of material fact exists, the evidence is viewed in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in favor of that party. *Anderson*, 477 U.S. at 255; *see also Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions," and cannot be made by the

district court. *Anderson*, 477 U.S. at 255. *See also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Summary judgment for the moving party is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

III.   **CHOICE OF LAW**

The parties cite to both Georgia and Alabama state law without advocating for the proper application of one over the other. "In a case founded on diversity jurisdiction, the district court must apply the forum state's choice of law rules." *Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assocs., Inc.*, 468 F.3d 1322, 1325 (11th Cir. 2006). *See also Klaxon Co. v. Stento Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

Since the relevant laws of Georgia and Alabama are substantially similar, the application of one over the other would not lead to a different result. Thus, the Court should avoid the conflict of laws question and properly apply Georgia substantive law to this dispute. K*ahn v. Visador Holding Corp.*, No. 2:07-CV-73, 2009 WL 10669538, at *3 (N.D. Ga. July 17, 2009) ("The court has reviewed the agency law of Virginia, North Carolina, and Georgia, and finds that there is no true conflict between the agency law of these states because each state law commands

the same outcome. Accordingly, the court will apply Georgia law to the facts of this case.").

## IV.   ANALYSIS

The only cause of action remaining in this case is for vicarious liability against Lightweight. The resolution of that question depends on the nature of the relationship between Lightweight and Ross. In Georgia "[e]very person shall be liable for torts committed by his . . . servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." O.C.G.A. § 51-2-2. While an "employer may be held vicariously liable for the torts of an employee, such liability does not extend to torts committed by an independent contractor." *McKee Foods Corp. v. Lawrence*, 310 Ga. App. 122, 124 (2011) (stating that "[a]n employer generally is not responsible for torts committed by his employee when the employee exercises an independent business and in it is not subject to the immediate direction and control of the employer") (citing O.C.G.A. § 51–2–4).

Title 51, Chapter 2, Section 5(5) provides an exception to the rule when "the employer retains the right to direct or control the time and manner of executing the work or interferes and assumes control so as to create the relation of master

and servant or so that an injury results which is traceable to his interference." In

essence:

> The test for determining whether an employer is
> exercising a degree of control over an independent
> contractor's work such that the law will deem the
> independent contractor to be a servant of that
> employer—thus making the employer vicariously liable
> for any wrongful acts committed by the contractor—is
> whether the contract gives, or the employer assumes, the
> right to control the time, manner, and method of the
> performance of the work, as distinguished from the right
> to merely require certain definite results in conformity
> with the contract.

*Georgia Messenger Serv., Inc. v. Bradley*, 311 Ga. App. 148, 150 (2011) (stating that

"the test is essentially whether the contractor has a bona fide existence apart from

the employer or functions instead as the employer's alter ego"). *See also Wilson v.*

*Waffle House, Inc.*, 235 Ga. App. 539, 539 (1998) (holding "[a]lthough as a general

rule, employers are not responsible under the theory of respondeat superior for

the torts of independent contractors, if an employer controls the time, manner, and

method of executing the work, an employer-employee relationship exists and

liability will attach").

Lightweight asserts it is entitled to summary judgment on the issue of

various liability because: (1) Ross was not, and has never been, an employee of

Lightweight; (2) Lightweight had no right to control the time, manner, and method

of the performance of Ross's work; and (3) Lightweight did not own or control the Dodge Ram at the time Ross struck and killed Copeland.[17] The Court analyzes each of these arguments in turn.

### A. Ross Was Not an Employee of Lightweight.

The undisputed facts in this case establish that Ross was not Lightweight's employee on November 10, 2015, the date Ross struck and killed Copeland. In fact, Ross has never been an employee of Lightweight.[18] Instead, the evidence shows that on November 10, Ross was employed by DBS.[19] Plaintiff does not point to any evidence creating a question of fact about whether Ross was an employee of Lightweight.

### B. DBS Was Not an Employee of Lightweight.

Further, DBS was itself an independent contractor of Lightweight, not an employee.[20] The Transportation Brokerage Contract between the parties explicitly states that DBS is an independent contractor.[21] Georgia law is clear that "[w]here

---

[17]   ECF 58.

[18]   ECF 58-1, at ¶¶ 12–14.

[19]   ECF 58-1, at ¶¶ 12–14; ECF 58-4, at ¶ 8; ECF 58-5, at ¶¶ 1–4; ECF 58-6, at ¶¶ 4–5; ECF 58-12 (W. Sanders Rule 30(b)(6) Dep. Tr.), at 54:8–11.

[20]   ECF 58-1, at ¶ 16; ECF 59-1, at ¶¶ 20–21; ECF 58-6.

[21]   ECF 58-6.

the contract of employment clearly denominates the other party as an independent

contractor, that relationship is presumed to be true unless the evidence shows that

the employer assumed such control." *Cotton States Mut. Ins. Co. v. Kinzalow*, 280

Ga. App. 397, 399–400 (2006). S*ee also Accord Fortune v. Principal Fin. Group, Inc.*,

219 Ga. App. 367, 368–69 (1995) ("In Georgia, such a contractually conferred

designation [of independent contractor status] is presumed true unless other

evidence is introduced to show that the employer exercised control as to the time,

manner and method of performing the work sufficient to establish an employer-

employee relationship."). Plaintiff does not present any evidence that creates a

question of fact as to whether DBS was an employee of Lightweight. Accordingly,

Plaintiff can only prevent summary judgment in favor of Lightweight if Plaintiff

presents sufficient evidence to create a question of material fact that Lightweight

controlled the time, manner, and method of DBS's or Ross's work.

### C. Lightweight Did Not Control the Time, Manner, or Method of DBS's or Ross's Work.

Lightweight did not possess the right to control the time, manner, or

performance of DBS's work under the Transportation Brokerage Contract.[22] The

only provision in the contract concerning Lightweight's control required DBS to

---

[22]   ECF 58-6.

transport a shipment in a timely fashion and to report occurrences to Lightweight that may cause a delay in the delivery.[23] This does not legally rise to the level of Lightweight controlling the "time, manner, and method of the performance of work." *Georgia Messenger Serv.*, 311 Ga. App. at 150. Instead, this demonstrates only that Lightweight required "certain definite results in conformity with the contract." *Id.*

Other undisputed facts support this conclusion. Once Lightweight contracted with DBS on a specific load, Lightweight could not control any specific aspect of the work, including the route to take, where to stop for gas, when or after how long a driver must take a break, the safety standards to utilize, or the maximum speed at which a driver could travel.[24]

Plaintiff has also not identified any evidence that Lightweight had the right to or did in fact control the time, manner, or method of Ross's work. In regard to the specific assignment that led to the collision with Copeland on November 10, 2015, Lightweight did not direct, instruct, or communicate with Ross; pay or receive any expenses related to Ross's trip (including gas or tolls); or arrange any

---

23   ECF 59-1, at ¶ 19; ECF 58-6.

24   ECF 58-12, at 4–5.

of the logistics.[25] Analogous cases have declined to find a vicarious liability relationship under similar factual circumstances. *See Liddell v. Couriernet, Inc.*, No. 1:05-CV-1064-TCB, 2007 WL 9710029, at *2–3 (N.D. Ga. May 15, 2007).

Plaintiff, however, argues that Defendants' motion improperly focuses solely on the "legal right to control" and ignores the business realities that create genuine issues of material fact.[26] Specifically, Plaintiff states that the "business that led to the incident was dominated by Lightweight and its customer HTPG."[27] Plaintiff points to HTPG's purported status as a large customer for Lightweight. Sanders testified that Lightweight acted as a transportation broker for 10 to 20 of HTPG's shipments per week.[28] According to Plaintiff, "that much business would give HTPG real power, economic power, and real control, so that HTPG or Lightweight on its behalf would be able to direct DBS and Ross to do what HTPG reasonably requested."[29] Plaintiff argues that the "notion that DBS or Ross would deny such a request defies common sense and is not the way business actually works . . . [i]n reality, money talks and the paying customer is always right . . . [n]o

---

[25]   ECF 58-12, at 3–4.

[26]   ECF 59, at 21.

[27]   ECF 59, at 10.

[28]   ECF 59, at 3.

[29]   ECF 59, at 3.

rational businessperson would risk losing 10-20 shipments per week by refusing to accommodate the reasonable request of the customer."[30]

This argument is unavailing. First, Plaintiff has not shown that HTPG or Lightweight made any request—reasonable or unreasonable—that affected DBS's or Ross's conduct. Second, although Plaintiff argues about HTPG's market power, Plaintiff has not pointed to the overall share of Lightweight's business that HTPG comprised. This necessarily undermines Plaintiff's contention that HTPG's "real power" or control would have any impact on Lightweight, DBS, or Ross. Third, Plaintiff fails to cite a single case supporting the novel theory of imputing vicarious liability on a company based on the actions of an independent contractor because of a customer's purported market power. Such a rule would undermine the existing vicarious liability framework for independent contractors. *See McKee Foods Corp.*, 310 Ga. App. at 124. Thus, Plaintiff has failed to raise a genuine issue of material fact suggesting Lightweight controlled the time, manner, or performance of DBS's or Ross's work.

### D. The "Coming and Going" Rule Bars the Imposition of Vicarious Liability Against Lightweight.

Even assuming Lightweight *had* assumed control over DBS's work as an

---

[30]   ECF 59, at 3.

independent contractor (and over DBS's employee, Ross), Lightweight would still be entitled to summary judgment. The undisputed facts show that, at the time of the fatal collision, Ross had completed his assigned delivery in Florida and was returning home to Alabama through Georgia.[31] Georgia's "coming and going rule" therefore applies:

> With regard to commuting to and from work, the general rule is that the employee is acting for himself at that time and, therefore, the employer is not to be held liable for an injury occurring during that time.

*Jones v. Aldrich Co., Inc.*, 188 Ga. App. 581, 583 (1988). *See also Wood v. B & S Enters, Inc.*, 314 Ga. App. 128, 130 (2012) ("Even when the employee is driving the employer's vehicle, the employee's travel to and from work is not within the scope of employment unless the employee undertakes a special mission at the specific direction of his employer or that special circumstances exist . . . [a]n employee cannot unilaterally determine to undertake a special mission . . . [t]he directive must come from the employer.").

Ross's delivery assignment to Florida on November 9, 2015, was performed pursuant to a Rate Conformation & Carrier Agreement between DBS and

---

[31]   ECF 58-6, at 8; 58-7, at 3.

Lightweight.[32] Under that contract, DBS agreed to transport several refrigeration units for Lightweight's customer, HTPG, from Scottsboro, Alabama to Pembroke Pines, Florida.[33] On November 9, Ross, in his capacity as an employee of DBS, successfully picked up and delivered the refrigeration units in the Dodge Ram.[34] The next day, Ross left Florida and attempted to return home to Alabama when he struck and killed Copeland on a Georgia highway while driving the Dodge Ram.[35] Plaintiff does not present any evidence challenging or contradicting this sequence of events.

Based on these facts, Lightweight cannot be vicariously liable for Ross's actions even if it had controlled the time, manner, or method of his work. Ross had finished his work for DBS (pursuant to DBS's contract with Lightweight) and was returning home when he struck Copeland. There are no facts showing that Ross was performing a "special mission" for DBS or Lightweight, or that DBS or Lightweight specifically directed Ross to perform a certain act after delivering the refrigeration units. Since there are no genuine issues of material fact on this point,

---

[32]   ECF 58-6, at 8.

[33]   ECF 58-6, at 8.

[34]   ECF 58-7, at ¶ 7; ECF 58-12 (W. Sanders Rule 30(b)(6) Dep. Tr.), at 46:1–47:17.

[35]   ECF 58-7 at ¶ 8.

the "coming and going" rule prevents the imposition of vicarious liability on Lightweight.

### E. The Ownership of the Dodge Ram is not material to the summary judgment determination.

Any disputes about who owned the Dodge Ram on the date of the collision are not material to the legal issue of Lightweight's vicarious liability. In Georgia, "[w]here a vehicle is involved in a collision, and it is shown that the automobile is owned by a person, and that the operator of the vehicle is in the employment of that person, a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show otherwise." *Hicks v. Heard*, 692 S.E.2d 360, 361 (Ga. 2010) (*citing Allen Kane's Major Dodge, Inc. v. Barnes*, 257 S.E.2d 186, 189 (Ga. 1979). *See also Jackson v. Braddy*, 186 Ga. App. 284, 285 (1988) ("The fact that Braddy may have owned the truck would raise a presumption that Battle was Braddy's servant. That presumption would disappear, however, in the face of the uncontradicted evidence that there was no agency relationship between Battle and Braddy.").

Since Ross was an employee of DBS, not Lightweight, at the time of the collision, no presumption arises that Ross was in the scope of employment for Lightweight. Accordingly, the issue of ownership of the Dodge Ram is immaterial. *See Hicks v. Newman,* 283 Ga. App. 352, 353 (2007) ("In Georgia, mere ownership of

a vehicle, without more, is insufficient to establish the owner's liability for the

negligence of another driver."); *Grant v. Jones*, 168 Ga. App. 690, 691 (1983) (same).

Specifically, Georgia courts have held that:

> In determining whether an employee was acting within the scope of his employment at a time when he was involved in an automobile collision, we need not consider ownership of the automobile . . . [t]he question of ownership of the automobile is immaterial, so long as it is made to appear that the servant employee was operating it while under the control and direction of his employer, and within the scope of his employment.

*Jones v. Aldrich Co.*, 188 Ga. App. 581, 583 (1988) (citing *Lewis v. Miller Peanut Co.*,

77 Ga. App. 380, 383 (1948)); *Shmunes v. Gen. Motors Corp.*, 146 Ga. App. 486, 487

(1978) ( "Issues of fact as to ownership, if any, are not genuine issues of material

fact that would preclude summary judgment . . . [o]wnership of the vehicle alone

is insufficient to establish liability on the part of the owner"). *Collins v. Hamilton*,

259 Ga. App. 52, 53 (2002) ( "The amended complaint shows only that [defendant]

was the owner and the insured of the car involved in the collision in which

[plaintiff] was injured . . . [b]ut even accepting the complaint as true, [defendant's]

ownership of the car, in and of itself, is insufficient to establish his liability for

[plaintiff's] injuries"); *Alamo Rent-A-Car, Inc. v. Hamilton*, 216 Ga. App. 659, 660

(1995) (mere ownership of motor vehicle that is involved in collision is not

sufficient to impose liability on owner for negligent operation of vehicle without

showing owner was guilty of some other negligent act or "a master-servant or agency relationship" that proximately caused injury to plaintiff); Frank E. Jenkins III & Wallace Miller III, Ga. Automobile Ins. Law § 47:8 (2019–2020 ed.).

Thus, the Court need not reach the issue of ownership of the Dodge Ram.

### F.  Plaintiff's Bias Arguments Are Insufficient to Defeat Summary Judgment.

In the Eleventh Circuit, once the party seeking summary judgment "meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence." *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991). The nonmoving party "opposing a motion for summary judgment supported by affidavits cannot meet the burden . . . by simply relying on legal conclusions or evidence which would be inadmissible at trial." *Id*. The nonmoving party's evidence "cannot consist of conclusory allegations or legal conclusions." *Id*. Unsupported, self-serving statements are insufficient to avoid summary judgment. *Midwestern Waffles, Inc. v. Waffle House, Inc.*, 734 F.2d 705, 714 (11th Cir. 1984).

In opposing summary judgment, Plaintiff points to the alleged bias and financial interest of Sanders, Stephens, and Ross in their affidavits and testimony as creating genuine issues of material fact about Lightweight's liability. However,

Plaintiff had ample opportunity to depose these individuals to test the accuracy of their statements, to discover additional facts, or to obtain contradictory evidence through the discovery process. Plaintiff failed to do so. *See Shmunes*, 146 Ga. App. at 487 ("The existence of any agency relationship . . . was conclusively negatived [sic] by the unrefuted affidavits of [financially interested parties] . . . [t]his uncontradicted evidence pierced the pleadings and made out a prima facie right to summary judgment on this issue").

The cases on which Plaintiff relies involve instances where the parties opposing summary judgment presented some measure of conflicting or contradictory evidence in support of their bias arguments. *Croley v. Matson Navigation Co.*, 434 F.2d 73, 76 (5th Cir. 1971); *Stinson v. Gray*, 207 S.E.2d 506, 508 (Ga. 1974); *Kirby v. Spivey*, 167 Ga. App. 751, 751 (1983). In contrast to those cases, Plaintiff has failed to present any evidence refuting or contradicting Defendants' evidence. In the absence of such conflicting evidence, the Court declines to create a genuine issue of material fact based solely on Plaintiff's speculation and inferences. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

### G. Ross Is Entitled to Summary Judgment.

On February 12, 2016, Plaintiff and Ross entered into an agreement releasing Ross from any further claims, liability, or damages in consideration of the full sum of money permitted under DBS's insurance policy limits "except to the extent other insurance coverage is available."[36]

Plaintiff's contention that Ross is not entitled to summary judgment because "he was driving the truck that killed Mr. Copeland and was negligent in doing so" falls squarely within Plaintiff's release of Ross.[37] Under that agreement, Ross can only be liable to the extent there is further insurance coverage available. There are no other potential avenues of insurance coverage, however, because Lightweight is entitled to summary judgment for the reasons set forth herein. Accordingly, Plaintiff's claims against Ross have been extinguished. Ross is entitled to summary judgment on Count III. *See King v. Peeples*, 762 S.E.2d 817, 819 (2014) (stating trial court did not err in granting summary judgment to defendant on plaintiff's claims resulting from vehicle collision where limited liability release extinguished plaintiff's cause of action).

---

[36]   ECF 58-9, at 1.

[37]   ECF 58-9, at 1.

## V.    CONCLUSION

The Court **GRANTS** Defendants' Motion for Summary Judgment [ECF 58].

The Clerk is **DIRECTED** to enter judgment in favor of Lightweight Deliver E., LLC

and John Ross, and close the case.

**SO ORDERED** this the 18th day of November 2019.

_____
Steven D. Grimberg
United States District Court Judge